**Paul PANZER**

v.

**SWIFTSHIPS, LLC et al.**

**CV CASE NO. 15-2257**

United States District Court,
E.D. Louisiana.

Signed August 29, 2016

Christopher L. Williams, Williams Litigation, LLC, Jody Forester Jackson, Mary Bubbett Jackson, Jackson & Jackson, New Orleans, LA, for Paul Panzer.

James A. Cobb, Jr., Jason R. Anders, Ajubita, Leftwich & Salzer, L.L.C., New Orleans, LA, for Swiftships, LLC et al.

## ORDER

JANIS VAN MEERVELD, UNITED STATES MAGISTRATE JUDGE

Before the Court is the Motion to Compel Deposition filed by Paul Panzer ("Panzer"). (Rec. Doc. 74). For the following reasons, the motion is GRANTED. Defendants ICS Nett, Inc., Swiftships, LLC, Swiftships Shipbuilders, LLC, Swift Group, LLC, and ICS Marine, Inc. ("Defendants") are hereby ordered to produce their corporate representatives for deposition in New Orleans within ten days.

### Background

This lawsuit was filed on June 21, 2015. Panzer seeks damages for alleged violations of the Fair Credit Reporting Act ("FCRA") by the Defendants for obtaining background checks on Panzer, and others similarly situated, without proper authorization and then terminating Panzer based on incorrect information in those reports without providing FCRA required disclosures. (Rec. Doc. 13, p. 1). Panzer amended his complaint on September 15, 2015. (Id.). On June 8, 2016, Panzer moved for leave to file a second amended complaint seeking to add another defendant. (Rec. Doc. 45). The motion was denied by the magistrate judge, finding that with an upcoming trial date, the defendants would suffer prejudice at having a party joined so late in the proceeding. (Rec. Doc. 61, p. 5). Trial is set for October 24, 2016, and the parties face a discovery deadline of August 29, 2016.

Panzer's motion to compel concerns the Rule 30(b)(6) corporate depositions of the Defendants. About six weeks before the discovery deadline on July 19, 2016, Panzer noticed the Defendants' Rule 30(b)(6) depositions to occur twenty-one days later on August 8, 2016, at Defendants' counsel's office in New Orleans. (Rec. Doc. 74-1, p. 2). To accommodate Defendants' counsel's schedule, Panzer re-noticed the depositions to August 15, 2016. (Id.). Panzer claims that Defendant's counsel announced on August 12, 2016 that the depositions needed to be moved to August 18, 2016. (Id.). As such, the depositions were set and then rescheduled twice; all three settings were accompanied by a 30(b)(6) Notice reflecting the scope of the

depositions and their location in New Orleans.

On or about August 16, 2016, Defendants sent Panzer a letter objecting, for the first time, to the taking of the corporate depositions in New Orleans, citing case law holding that the deposition of a corporate defendant should typically be held at the corporation's principal place of business. (Rec. Doc. 74-7). No dates or other information that could facilitate taking the depositions in Virginia were provided. (Rec. Doc. 74-1, p. 2).

Panzer's counsel submits that he is willing to travel to Virginia to take the corporate deposition, but argues that there is no basis for Defendants to refuse the corporate depositions entirely. (Id. p. 3). Indeed, he certified he would withdraw the Motion to Compel if Defendant would provide a date, time, and place in Virginia on the record. (Rec. Doc. 74-8). He argues that parties are not permitted to unilaterally cancel a noticed deposition and that Defendants should be sanctioned for doing so. (Rec. Doc. 74-1). Panzer adds that the discovery deadline is August 29, 2016. (Id. p. 4).

In their opposition, Defendants complain about the timing, the location, and the scope of those depositions. Defendants further "object to Plaintiff's dilatory, redundant, and otherwise burdensome tactics that drive up the cost of this suit—needlessly so." (Rec. Doc. 82, p. 2). Therefore, they cancelled the New Orleans depositions. (Id.). Defendants claim that delays in setting the corporate depositions are a result of ongoing settlement negotiations. (Rec. Doc. 82, p. 2). They suggest that Panzer waited until the eve of the discovery deadline to notice the corporate depositions and question Panzer's motivation in seeking the depositions at all, stating that Panzer's request for corporate depositions is but a means of "ratcheting up litigation costs." (Id.). Defendants further argue that the scope of the deposition is redundant of the voluminous discovery already produced. (Id.). Finally, Defendants argue that while the parties have discussed traveling to Virginia for the deposition, Panzer has not noticed a deposition at any of the Defendants' principal places of business. (Id. p. 3).

In its reply, Panzer points out that in filing its motion to compel, Panzer offered to withdraw the motion if Defendants would simply provide—on the record—a date, time and address for the depositions. Defendants still have not done so. Panzer adds that Defendants' complaint about the purported redundancy of the depositions was raised for the first time in its opposition to the motion to compel and, in any case, Panzer insists that corporate depositions of the parties itself is not controversial.

### Law and Analysis

■ A party cannot unilaterally cancel a properly noticed deposition. See Richardson v. BNSF Ry. Co., No. CIV. A. 13–5415, 2014 WL 5317866, at *2 (E.D.La. Oct. 16, 2014) ("A lawyer has no authority unilaterally to cancel a deposition that is reasonably noticed in writing pursuant to Fed. R. Civ. Proc. 30(b)(1), which is a step only the court is empowered to take."). Indeed, where a party "fails, after being served with proper notice, to appear for that person's deposition," the Federal Rules of Civil Procedure provide that the Court must, at a minimum, require the cancelling party (and/or it's counsel) to "pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. Proc. 37(d)(1)(A); see Rangel v. Gonzalez Mascorro, 274 F.R.D. 585, 592–93 (S.D.Tex.2011) (explaining that expenses must be awarded). Additional sanctions for failing to appear may be awarded "depending on the circumstances of each case." Shumock v. Columbia/HCA Healthcare Corp., No. CIV. A. 99–1777, 1999 WL 1021829, at *1 (E.D.La. Nov. 10, 1999).

■ Once a deposition is properly noticed, "the party is obliged to appear until some order of the court excuses attendance" Barnes v. Madison, 79 Fed.Appx. 691, 707 (5th Cir.2003) (affirming the district court's award of sanctions for failure to appear for a properly noticed deposition even where a motion for protective order was filed because the motion was filed too late and not ruled on before the deposition was set to occur). Further, "parties may not escape sanctions simply by notifying the attorney who noticed the

deposition that they will not appear." Peyman v. Rayan, No. 2:09–CV–01384–KJD, 2011 WL 976925, at *1 (D.Nev. Mar. 18, 2011). For example, in Richardson, the plaintiff noticed depositions 18 days in advance. 2014 WL 5317866, at *2. After initial agreement on the date and place for the deposition, five days before the deposition date, defense counsel canceled the depositions. The court found the defendant's basis for objection to be insufficient to establish good cause for a protective order, but importantly, the court underscored that the appropriate procedure for a defendant opposing a deposition would be to file a motion to quash or motion for protective order. The court awarded the plaintiff its reasonable attorney's fees.

Here, Panzer noticed the corporate depositions six weeks in advance of the discovery deadline. This was more than enough lead time. It was Defendants who created the discovery deadline crunch by indicating for four weeks that they would appear for the depositions, scheduling and rescheduling them for New Orleans, but then cancelling them only two days before and objecting, for the first time, on the basis of the depositions' location. If this location objection had been sincere, the Court would expect the Defendants to present Panzer with proposed dates and a location in Virginia. They did not. Even after Panzer agreed to hold the depositions in Virginia, Defendants still refused to cooperate.

While opposing Panzer's motion, it is not clear that Defendants actually oppose the setting of the corporate depositions. Defendants muse at the redundancy of the depositions, but they do not urge this Court to deny the Motion to Compel. In fact, Defendants agree that they "have been and remain amenable to providing that discovery to which Plaintiff is entitled." (Rec. Doc. 82, p. 3). Defendants' arguments fail to provide any legitimate basis for why Plaintiff is not entitled to these depositions. Ongoing settlement negotiations do not justify delay in objecting to the location of a deposition. Nor do the settlement negotiations affect Panzer's right to take the Defendants' depositions or relieve Defendants of the obligation to seek a protective order from the Court when they oppose a deposition's location or scope. Defendants had no right to unilaterally cancel the depositions, and their opposition fails to provide any support for why their actions should be countenanced in this instance.[1] The Court finds the Defendants cancellation was not substantially justified.

It was and is entirely appropriate for Panzer to seek the corporate depositions of the Defendants. A corporate entity's office may be the typical location for a corporate deposition. Here, however, Defendants initially agreed to hold the depositions in New Orleans. For four weeks, the Defendants allowed the depositions to be scheduled and rescheduled to occur in New Orleans. They then unilaterally cancelled properly noticed depositions on the eve of the depositions. Defendants further failed to provide Panzer with the possibility of timely taking these depositions in Virginia by failing to provide scheduling information in that locale. In so doing, Defendants prevented Panzer from taking these depositions prior to the discovery cutoff, forcing Panzer to file a completely unnecessary motion to compel, and further necessitating a motion for expedited hearing. The Defendants have wasted the last few weeks of time before the discovery deadline, as well as the time and resources of the Court and the parties to this case. In light of Defendants' conduct this Court will require that the Defendants produce their corporate witnesses for deposition in New Orleans within 10 days of the entry of this Order. The District Judge will extend the discovery deadline for this limited purpose.

## Conclusion

For the forgoing reasons, the Motion to Compel Depositions is GRANTED. The Defendants are hereby ordered to produce their

---

1. Defendants claim they did not unilaterally cancel the depositions but provide no support for same. (Rec. Doc. 82, p. 2). All evidence before the Court, including Defendants' own letter of August 15, 2016, support Panzer's claim that Defendants did indeed unilaterally, and at the last minute, cancel the depositions. (Rec. Doc. 74-7).

corporate representatives in New Orleans for deposition within ten days.